UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORDAN JON COOMBE,

              Plaintiff,

v.                                            Case No. 23-cv-1594-pp

GREEN BAY CORRECTIONAL INSTITUTION,
SGT. GREEN and LT. MATSHAK,

              Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Jordan Jon Coombe, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On November 28, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $20.47. Dkt. No. 5. The court received that fee on December 22, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Green Bay Correctional Institution, Sergeant Green and Lieutenant Matshak. Dkt. No. 1 at 1. The plaintiff alleges that at around 5:00 p.m. on June 30, 2023, during "Ice pass," he told Sergeant Green that he needed to be pulled from his cell because he was feeling suicidal. Id. at 2. Sergeant Green allegedly responded by telling the plaintiff "to kill [him]self." Id. The plaintiff says that after Sergeant Green left, he "did try to hang [him]self." Id.

The plaintiff separately alleges that on April 27, 2023, he "was thre[a]tened with a shank." Id. He says he "told officers when it was safe to,"

3
Case 2:23-cv-01594-PP   Filed 03/11/24   Page 3 of 11   Document 11

and he "spoke to" Lieutenant Matshak. Id. at 2–3. In response, Lieutenant Matshak "basically said [he had] no time and he did not beli[e]ve" the plaintiff. Id. at 3. The plaintiff says that "it[']s all on cam[e]ra." Id.

The plaintiff seeks "a reward of money due to the feared [*sic*] and scared and all [his] mental health [he has] had to fight through." Id. at 4. He also asks the court to "order Sgt. [G]reen to be fired" because "there ha[ve] been so many issues with this sgt with other inmates also." Id.

C.  Analysis

There is an initial problem with the plaintiff's complaint. The complaint seeks to proceed on two separate claims against different defendants for alleged conduct that occurred on different days about two months apart. Although it is acceptable for a plaintiff to bring multiple claims against a single party in the same case, a plaintiff cannot bring *unrelated* claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). In other words, the plaintiff may bring in one lawsuit all his claims against Sergeant Green, but he may add his claim against Lieutenant Matshak "only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" Id. (citing Fed. R. Civ. P. 20(a)(1)(A)); id. ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

4

Case 2:23-cv-01594-PP   Filed 03/11/24   Page 4 of 11   Document 11

The complaint violates Rules 18 and 20 because the plaintiff seeks to bring unrelated claims against different defendants. The first claim is that Sergeant Green disregarded the plaintiff's fear that he would harm himself when he felt suicidal on June 30, 2023. The second claim is that Lieutenant Matshak disregarded the plaintiff's fear that other incarcerated persons would harm him after someone threatened him with a shank on April 27, 2023. The two claims do not have defendants in common, nor do they share questions of law or fact.

Ordinarily, the court would reject the plaintiff's complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). The court would allow the plaintiff an opportunity to choose which of the above-described unrelated claims he wants to proceed on in this case. But the court will not do that here because the complaint does not state a claim against Lieutenant Matshak.

The plaintiff's allegation that Lieutenant Matshak failed to protect him amounts to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates" and "to protect prisoners from violence at the hands of other prisoners"). To state a viable Eighth Amendment deliberate indifference claim, the plaintiff must show that he "is

incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. It is not enough to demonstrate "a generalized risk of violence." Wilson v. Ryker, 451 F. App'x 588, 589 (7th Cir. 2011) (citing Brown v. Budz, 398 F.3d 904, 909, 913 (7th Cir. 2005)). The plaintiff must show that there was "a tangible threat to his safety or well-being"—in other words, a risk "so great that it is almost certain to materialize if nothing is done." Id. (citing Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008) and Brown, 398 F.3d at 911 (internal quotations omitted)).

The complaint does not satisfy this objective component. The plaintiff alleges that he "was threatened with a shank," that he "told officers" and that he spoke to Matshak, who "basically said" that he had no time to address the issue and that he did not believe the plaintiff. The plaintiff does not say who threatened him, how many people threatened him, whether he told Matshak who threatened him or whether he said anything to Matshak other than that someone had threatened him with a shank. Nor does he allege whether he was again threatened by this same person (or persons) or whether he was physically harmed by any incarcerated person. The plaintiff does not specifically say what he told Matshak. As alleged, the complaint says only that the plaintiff generally told Matshak about a single, vague, previous threat to his safety. That is not enough to state an Eighth Amendment claim against Matshak.

The complaint *does* state a claim against Sergeant Green. Prison officials have a duty to intervene to protect a prisoner from acts of self-harm, "up to and

6
Case 2:23-cv-01594-PP   Filed 03/11/24   Page 6 of 11   Document 11

including suicide." See Miranda v. County of Lake, 900 F.3d 335, 349 (7th Cir. 2018) (citing Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 665 (7th Cir. 2012), abrogated on other grounds by Kemp v. Fulton County, 27 F.4th 491 (7th Cir. 2022)). The Court of Appeals for the Seventh Circuit has reasoned "in numerous cases" that suicide, attempted suicide and other acts of self-harm pose "a serious harm" that satisfies the objective component of an Eighth Amendment claim. Estate of Miller, *ex rel.* Bertram v. Tobiasz, 680 F.3d 984, 989 (7th Cir. 2012) (citing cases); see Collins v. Seeman, 462 F.3d 757, 760 (7th Cir. 2006). To satisfy the subjective component, the plaintiff must show that the defendant subjectively knew he "was at substantial risk" of harming himself and "intentionally disregarded the risk." Collins, 462 F.3d at 761. It is not enough to show that "a prison official *should have been* aware" of the risk; the defendant "'must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Estate of Novack *ex rel.* Turbin v. County of Wood, 226 F.3d 525, 529 (7th Cir. 2000) (emphasis in original)).

Although the plaintiff's allegations about this claim are vague, they are enough to state an Eighth Amendment claim. The plaintiff alleges that he told Sergeant Green that he needed to be pulled out of his cell because he was feeling suicidal. He says that in response, Green told the plaintiff to kill himself. The plaintiff then attempted just that by trying to hang himself. These allegations show that the plaintiff faced a serious threat of suicide, that he communicated that threat to Green and that Green ignored him and even

encouraged him to follow through on his thoughts of self-harm, which the plaintiff did. The court will allow the plaintiff to proceed on this claim against Sergeant Green.

The plaintiff seeks damages and a court order firing Sergeant Green. The court does not make hiring or firing decisions at state prisons. The case will proceed only on the plaintiff's request for damages.

The plaintiff also names the prison (Green Bay Correctional Institution) in the caption of his complaint, but the complaint does not allege any wrongdoing the prison itself. To the extent the plaintiff wishes to proceed on a claim against the prison, the court will not allow him to do so. A state prison is not a "person" that may be sued under §1983. Myers v. Ind. Dep't of Corr., 655 F. App'x 500, 503 (7th Cir. 2016) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989)). The court could construe this claim as if the plaintiff had made it against the State of Wisconsin, see Will, 491 U.S. at 71, but a state may not be sued for damages, Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Williams v. Wisconsin, 336 F.3d 576, 580 (7th Cir. 2003), and damages are the only viable relief the plaintiff seeks.

The court will dismiss Green Bay Correctional Institution and Lieutenant Matshak as defendants. If the plaintiff wishes to proceed on his claim against Matshak, he may file a separate complaint making more detailed allegations. The court advises the plaintiff that if he chooses to bring that separate lawsuit, he will be required either to pay the $350 filing fee for that new case or to file a

8

motion seeking to proceed without prepaying the filing fee (and even if that motion is granted, he will owe the full filing fee, which he can pay over time).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Green Bay Correctional Institution and Lieutenant Matshak.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on Sergeant Green. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$329.53** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**