UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORDAN JON COOMBE,

        Plaintiff,

        v.                                Case No. 23-cv-1594

JAMES GREEN,

        Defendant.

## DECISION AND ORDER

Plaintiff Jordan Jon Coombe, an inmate at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. § 1983 action. On July 12, 2024, Defendant James Green filed a motion for summary judgment on the ground that Coombe failed to exhaust the administrative remedies before initiating this action. Dkt. No. 19. In light of Coombe's concession that he "did not ex[hau]st [his] administrative appeals," Dkt. No. 24, the Court will grant Defendant's motion and dismiss this case.

### BACKGROUND

Coombe is proceeding on an Eighth Amendment claim based on allegations that Defendant failed to intervene after Coombe threatened to harm himself. On July 5, 2023, the institution complaint examiner's office received an inmate complaint from Coombe about the issues in this case. Coombe did not appeal the dismissal of his inmate complaint. Dkt. No. 11 at 6-7; Dkt. No. 21 at ¶¶5-6.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Federal courts "take[ ] a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin's exhaustion procedures are outlined in the Wisconsin Administrative Code. Under the Code, an inmate must first "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before "filing a formal complaint." Wis. Admin. Code § DOC 310.07(1). If a resolution is not reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2).

2

If the reviewing authority dismisses the inmate complaint, the inmate may appeal to the corrections complaint examiner "within 14 days after the date of the decision." Wis. Admin. Code § DOC 310.12(1).

Coombe concedes that he did not appeal the dismissal of his inmate complaint and therefore did not exhaust the available administrative remedies before he brought this action. He explains that he did not know about the exhaustion requirement when he filed this lawsuit, and he asks the Court to excuse his failure to exhaust "given the seriousness of this case" and the fact that it is now too late for him to appeal the dismissal of his inmate complaint. Dkt. No. 24.

The Supreme Court has explained that the language in §1997e(a) that requires prisoners to exhaust the available administrative remedies before bringing a §1983 action is mandatory. "And that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 639 (2016). Accordingly, because Coombe failed to exhaust the available administrative remedies, the Court must dismiss this action.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED** and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of August, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.